IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| EDD TAWON PAYNE, United States Citizen; <br><br> Petitioner, <br><br> vs. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | **4:23CV3237** <br><br> **MEMORANDUM AND ORDER** |

This matter is before the Court on what has been docketed as Petitioner Edd Tawon Payne's Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2241. Filing No. 1. However, this matter will not proceed further until Petitioner cures the deficiencies discussed below.

First, Petitioner failed to include the $5.00 filing fee. Petitioner has the choice of either submitting the $5.00 fee to the Clerk's office or submitting a request to proceed in forma pauperis. If Petitioner chooses to do the latter, the enclosed pauper's forms should be completed and returned to this Court. Failure to take either action within 30 days will result in the Court dismissing this case without further notice to Petitioner.

Second, Petitioner has not signed the petition under penalty of perjury, which is required to proceed. *See, e.g.* 28 U.S.C. § 2242 and Rule 2(c)(5) of the *Rules Governing Section 2254 Cases in the United States District Courts*.[1]

Third, a habeas corpus petition must "substantially follow either the form appended to [the *Rules Governing Section 2254 Cases in the United States District Courts*], or a form prescribed by a local district-court rule." *See* Rule 2 of the *Rules*

---

[1] Rule 1(b) of the *Rules Governing Section 2254 Cases in the United States District Courts* allows the Court to apply those rules to a section 2241 action.

*Governing Section 2254 Cases in the United States District Courts*. Here, Petitioner did not use the Form AO 242 Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241. Instead, in a two-page, handwritten document titled "emergency motion, release wrongful detention," Petitioner seeks immediate release from his ongoing detention or, alternatively, restoration of his placement at a Residential Reentry Center, but Petitioner does not clearly indicate the decision or action he is challenging or the grounds upon which he seeks habeas relief.

Based on these deficiencies, Petitioner's petition is deemed insufficient, and the Court will not act upon it. However, on the Court's own motion, Petitioner will have 30 days in which to file an amended petition for writ of habeas corpus. To be clear, Petitioner must (1) either pay the $5.00 fee or submit a request to proceed in forma pauperis <u>and</u> (2) file an amended petition for writ of habeas corpus under 28 U.S.C. § 2241 that is originally signed under the penalty of perjury. The Court will direct the Clerk of the Court to send to Petitioner the AO 242 Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241.

Lastly, Petitioner filed a request for the appointment of counsel "[t]o assist [him] in making [his] complaint." Filing No. 2. "[T]here is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment] is committed to the discretion of the trial court." *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997). As a general rule, counsel will not be appointed unless the case is unusually complex or the petitioner's ability to investigate and articulate the claims is unusually impaired or an evidentiary hearing is required. *See, e.g.*, *Wiseman v. Wachendorf*, 984 F.3d 649, 655 (8th Cir. 2021); *Morris v. Dormire*, 217 F.3d 556, 558–59 (8th Cir. 2000), *cert. denied*,

531 U.S. 984 (2000); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994). *See also* Rule 8(c) of the *Rules Governing Section 2254 Cases in the United States District Courts* (requiring appointment of counsel if an evidentiary hearing is warranted). The Court has carefully reviewed the record and finds there is no need for the appointment of counsel at this time.

IT IS THEREFORE ORDERED that:

1. Petitioner's motion for appointment of counsel, Filing No. 2, is denied without prejudice to reassertion.

2. Petitioner is directed to submit the $5.00 fee to the Clerk's office or submit a request to proceed in forma pauperis by **January 10, 2024**. Failure to take either action will result in dismissal of this matter without further notice.

3. The pending petition, Filing No. 1, is deemed insufficient and the Court will not act upon it.

4. By **January 10, 2024**, Petitioner shall file an amended petition for writ of habeas corpus that is originally signed under penalty of perjury. Petitioner is encouraged to use the enclosed official Form AO 242. To avoid confusion, any document Petitioner sends to the Clerk of the Court for filing in this case must clearly display the case number (4:23CV3237). Failure to file an amended petition in accordance with this Memorandum and Order will result in dismissal of this matter without further notice.

5. The Clerk of the Court is directed to send to Petitioner the Form AO 240 ("Application to Proceed Without Prepayment of Fees and Affidavit") and the Form AO 242 Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241.

6. The Clerk of the Court is directed to set a pro se case management deadline in this matter with the following text: **January 10, 2024**: Check for MIFP or payment and amended petition.

Dated this 11th day of December, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge